UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEATHER JEANNE LINSDAY,

                Appellant,

-against-

NEWREZ, LLC and U.S. BANK NATIONAL ASSOCIATION,

                Appellees.

Case No. 1:24-cv-08072 (JLR)

**ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

On October 24, 2024, Appellant filed this appeal from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Dkt. 1. Appellant's opening brief in this matter was due December 16, 2024. Dkt. 7. On December 19, 2024, the Court granted Appellant a courtesy extension until December 27, 2024, to file her opening brief in this matter. Dkt. 7. On January 2, 2025, the Court granted a further extension until January 9, 2025. Dkt. 8. On January 17, 2025, the Court advised Appellant that if she did not file her opening brief by January 24, 2025, her case may be dismissed for a failure to prosecute. Dkt. 9. On January 31, 2025, the Court granted a final extension until February 7, 2025, and advised Appellant that if she did not file her opening brief by then, the Court would enter an order for failure to prosecute under Federal Rule of Civil Procedure ("Rule") 41(b). Dkt. 10.

Appellant did not file her opening brief by the February 7, 2025 deadline. As of today's date, Appellant has not responded to the Court's orders or otherwise indicated that she intends to pursue this action.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "gives the district court authority to dismiss a plaintiff's case

*sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, Appellant has failed to file her opening brief in a timely fashion and has ignored multiple orders from the Court. Appellant was given notice on January 31, 2025 that this action would be dismissed if she did not file her opening brief by February 7, 2025. Dkt. 21. And while there is no specific evidence on the record that delay will prejudice Appellees, "[p]rejudice . . . resulting from unreasonable delay may be presumed." *Andretta v. City of New York*, No. 21-cv-5783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). Finally, in light of Appellant's failure to communicate with the Court, no other lesser sanction is suitable at this juncture.

Because the Court has not received any response from Appellant to its January 31, 2025 Order, including any indication that she intends to pursue this case, the instant action is dismissed

without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated: February 18, 2025
      New York, New York

                                  SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge